QUESTIONS: 1. May a local PERC ordinance, adopted under the local option provisions of the Public Employees Relations Act, contain penalty provisions in excess of those provided for in a city charter but identical with those provided for in the Public Employees Relations Act? 2. May the local PERC ordinance referred to in question 1 contain penalty provisions in excess of those provided for in the Public Employees Relations Act when the local PERC ordinance has been approved as "substantially equivalent" to state law by the State Public Employees Relations Commission?
SUMMARY: A local Mini-PERC ordinance may contain penalty provisions in excess of those provided for in the city charter and may also contain penalty provisions in excess of those found in State Public Employees Relations Act as long as the Mini-PERC ordinance is substantially equivalent to the state act, as determined by the Public Employees Relations Commission. AS TO QUESTION 1: From your letter I understand that the City of Delray Beach passed a local PERC ordinance on January 13, 1975, and that the city is currently in the process of applying for approval of the ordinance from the Public Employees Relations Commission pursuant to s. 447.022, F.S. (1974 Supp.), created by Ch. 74-100, Laws of Florida. Section 32 of the city charter provides that no penalty shall be prescribed for a violation of an ordinance that shall exceed $500 fine or 90 days' imprisonment, or both. However, the Delray Beach ordinance provides for penalties up to $20,000 a day for violations of the local no-strike provision which is similar to s. 447.018, F.S. (1974 Supp.), created by Ch. 74-100, supra. Subsection (4) of s. 166.021, F.S., provides in part that, "[a]ny other limitation of power upon any municipality contained in any municipal charter enacted or adopted prior to July 1, 1973, is hereby nullified and repealed." Immediately preceding this provision is a listing of subjects which were not repealed or affected by enactment of Ch. 166, F.S., the Municipal Home Rule Powers Act, in 1973. However, the power to provide for penalties for violating local ordinances is not one of the subject areas which was excepted from the general repealer cited above. Cf. AGO 073-478. Therefore, the limitation found in s. 32 of the Delray Beach City Charter, which was adopted prior to July 1, 1973, does not now in any way limit the authority of the city to provide for penalties for violation of local ordinances by virtue of s.166.021(4). The city can provide penalties identical to those found in the Public Employees Relations Act for violation of the Mini-PERC ordinance. It should also be noted that s. 165.19, F.S., to which you have referred in your question, was repealed by Ch. 74-192, Laws of Florida, effective July 1, 1974. This section previously provided that "for no offense made punishable by the ordinances and laws of said city or town shall a fine of more than five hundred dollars be assessed, nor imprisonment for a period of time greater than sixty days." Due to its repeal, this statutory limitation upon the authority of cities to establish penalties no longer exists. Question 1 is therefore answered in the affirmative. AS TO QUESTION 2: Section 447.022, F.S. (1974 Supp.), created by Ch. 74-100, supra, authorizes local Mini-PERC ordinances which will apply in lieu of the State Public Employees Relations Act after the state commission has reviewed and approved the local ordinance to determine if local provisions or procedures, or both, are "substantially equivalent" to the provisions and procedures in the state act, Ch. 74-100. In reviewing a local ordinance for substantial equivalency, the commission will, of course, carefully consider the penalties which are provided for violation of the ordinance. While those penalties must be substantially equivalent to Ch. 74-100, supra, they do not have to be identical. A city is in no way limited by any provision in Ch. 74-100 as to the penalties which it may wish to provide in its local Mini-PERC ordinances as long as the commission, in reviewing the entire ordinance, determines that it meets the test of substantial equivalency. Question 2 is therefore answered in the affirmative.